UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 20cr0713-JLS |
|---|---|
| Plaintiff, | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| v. | |
| JON-PAUL SADAMI PONO NATTO (4), | |
| Defendant. | |

WHEREAS, in the Superseding Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties of Defendant JON-PAUL SADAMI PONO NATTO (4) ("Defendant"), pursuant to Title 18, United States Code, Section 924(a)(2) and Title 28, United States Code, Section 2461(c), as properties involved in the violation of Title 18, United States Code, Section 922(g)(1), as charged in the Superseding Information; and

WHEREAS, on or about March 10, 2021, Defendant pled guilty before U.S. Magistrate Judge Mitchell D. Dembin to Counts 1 and 2 of the Superseding Information, which pleas included consents to the forfeiture allegations of the Superseding Information and forfeiture of all properties seized in connection with this case, including forfeiture of the following:

>One Windicator-Weihrauch .38 caliber (special) revolver, with six rounds of hollow-point ammunition; and

1     WHEREAS, on July 22, 2021 this Court accepted the guilty pleas of
2 Defendant; and

3     WHEREAS, by virtue of the facts set forth in the plea agreement, the
4 United States has established the requisite nexus between the forfeited properties and
5 the offense; and

6     WHEREAS, by virtue of said guilty pleas, the United States is now entitled to
7 possession of the above-referenced properties, pursuant to 18 U.S.C. § 924(a)(2),
8 28 U.S.C § 2461(c) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

9     WHEREAS, pursuant to Rule 32.2(b), the United States having requested the
10 authority to take custody of the above-referenced properties which were found
11 forfeitable by the Court; and

12     WHEREAS, the United States, having submitted the Order herein to the
13 Defendant through his attorney of record, to review, and no objections having been
14 received;

15     Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

16     1.    Based upon the guilty pleas of the Defendant, the United States is hereby
17 authorized to take custody and control of the following assets, and all right, title and
18 interest of Defendant JON-PAUL SADAMI PONO NATTO (4) in the following
19 properties are hereby forfeited to the United States for disposition in accordance with
20 the law, subject to the provisions of 21 U.S.C. § 853(n):

21         One Windicator-Weihrauch .38 caliber (special) revolver,
22         with six rounds of hollow-point ammunition; and

23     2.    The aforementioned forfeited assets are to be held by United States
24 Customs and Border Protection in its secure custody and control.

25     3.    Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized
26 to begin proceedings consistent with any statutory requirements pertaining to
27 ancillary hearings and rights of third parties. The Court shall conduct ancillary
28 proceedings as the Court deems appropriate only upon the receipt of timely third

party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

4. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the above-referenced assets, in which all interests will be addressed.

//

//

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

IT IS SO ORDERED.

Dated: July 27, 2021

Hon. Janis L. Sammartino
United States District Judge